## In the Matter of Mr. X and Mr. Y.

Supreme Court, Trial Term, Bronx County, November 22, 1966.

CRIMINAL CONTEMPT PROCEEDING against an Assistant District Attorney and against a defendant's attorney, for conduct committed in the immediate presence of the court during litigation of a criminal case.

THOMAS DICKENS, J. (Delivered orally). Both you, Mr. X, and you, Mr. Y, have, in my presence, violated and abused by your recent unbecoming professional conduct, certain ethical standards existent in the legal profession, and, incidentally, certain concomitant proprieties — you, Mr. Y, in your capacity of an officer of the court, and you, Mr. X, not only in the capacity of an officer of the court, but also in the capacity of an officer, quasi-judicial.

I am, as both of you well know, referring particularly to your blatant and roughneck exhibition of retaliatory name-calling and your attempts at assaulting each other, on that recent day

in question, in my presence as the presiding Judge, while the court was in active session. Your offensive exhibition was a glaringly shameful display of disrespect for me as a member of the judiciary, and also a brazen and flagrant disregard of the ethical conduct demanded of the legal profession, as measured by the set rules of the Canons of Professional Ethics, and also, in total disregard of the law, as measured by the assault provisions of the Penal Law and the Criminal Code.

At this point, I am making you aware, more precisely, of the fact that each of you has become involved, by your lack of professional propriety, not only in an act of criminal contempt of court under section 750 of the Judiciary Law, but, in addition, in an act that points to a violation of section 93 of the Code of Criminal Procedure, let alone you have become involved in assault as a criminal offense.

Section 93 reads as follows: " A person, who, in the presence of a court or magistrate, assaults or threatens to assault another, or to commit a crime against his person or property, or who contends with another in angry words, may be thereupon ordered by the court or magistrate, to give security as provided in section 89, or if he refuses to do so, may be committed as provided in section 90."

Section 90 provides for imprisonment upon stubborn failure to give such security.

The seriousness of your misconduct makes direct application also of canon No. 1, in part, of the Canons of Professional Ethics. It says: " It is the duty of the lawyer to maintain towards the Courts a respectful attitude, not for the sake of the temporary incumbent of the judicial office, but for the maintenance of its supreme importance."

And, also in direct application, is canon No. 17, in part as follows: " Clients, not lawyers, are the litigants. Whatever may be the ill-feeling existing between clients, it should not be allowed to influence counsel in their conduct and demeanor toward each other or toward suitors in the case. All personalities between counsel should be scrupulously avoided."

It should be clear to you now, by what I have detailed, that the unethical transgression by each of you was violative of these prohibitive mandates. Their violation should normally call deservingly for highly drastic punishment. Nevertheless, inasmuch as you have contritely offered apparently sincere apologies as the means of minimizing the gravity of your contumacious behaviour and its actual consequent punishment, I have decided, in lieu of severe punishment, to permit your apologies to fulfill the extent of your punishment, this time.

But bear in mind this admonition, gentlemen, and that is, you shall never again conduct yourselves in such foul manner or in any other disrespectful manner in my presence; for a repetition of any kind of unethical display, will certainly call, next time, for stern and severe punishment.

I direct, at this time, that this pronouncement be made by the Clerk a part of the official record of the case tried by you before me. Gentlemen, you are now free to go your own way.